IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

**CRYSTAL DUEY**            )
                            )
    Plaintiff,        )
                            )
vs.                         )   Case No.
                            )
**MEDICREDIT INC.**         )
                            )
    Defendant.       )

## COMPLAINT

NOW COMES the Plaintiff, CRYSTAL DUEY, by and through undersigned counsel, and for her complaint against the Defendant, MEDICREDIT, INC., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692 et seq., and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district in that Plaintiff resides here, Defendant transacts business here and the conduct complained of occurred here.

### III.  PARTIES

4. Crystal Duey ("Plaintiff") is a natural person who resides in Independence, Missouri.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Medicredit, Inc., ("Medicredit") is a business entity engaged in the collection of debt within the State of Missouri.

7. Medicredit is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   ALLEGATIONS

8. The debt allegedly owed by Plaintiff, namely a medical debt with Centerpoint Medical Center ("the debt"), was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. In July and August 2015, Medicredit repeatedly contacted Plaintiff about the debt and left messages on her cellular telephone.

10. These voicemail messages constituted communications as defined by the FDCPA, 15 U.S.C. § 1692a(2).

11. Each of these messages failed to include the required mini-miranda disclosure that the call was an attempt to collect a debt from a debt collector and that any information obtained would be used for that purpose.

12. As such, these communications violated the FDCPA, 15 U.S.C. §1692e(11), which requires a debt collector to disclose the purpose of the call in communications with consumers.

13. Furthermore, Plaintiff did not receive any written correspondence from Medicredit regarding the alleged debt.

14. This omission by Medicredit violated the FDCPA, 15 U.S.C. 1692g(a), which requires debt collectors to send consumers a written disclosure regarding the debt within five days of their initial communication.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Crystal Duey, by and through counsel, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from Medicredit and for Plaintiff;

   b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Medicredit and for Plaintiff;

   c. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Medicredit and for Plaintiff;

   d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

**ADDLEMAN LAW FIRM, LLC**

By: /s/ Andrew M. Esselman
Andrew M. Esselman #64837
255 NW Blue Parkway, Suite 200
Lee's Summit, MO  64068
Telephone:  816-994-6200
Facsimile:  816-396-6240
AndrewE@addlemanlawfirm.com
tom@addlemanlawfirm.com

**Attorney for Plaintiff**